ALLEN D. CHESEBRO v. MARY E. POWERS ET AL.

*Equity—Bill to remove cloud from title—Adverse possession.*

The title of complainant, whether formal or not, is held to have long since ripened into an indefeasible one, and the action of defendants in attempting to meddle with the land is held to have been malicious, and upon no foundation of right whatever.

Appeal from Kent. (Montgomery, J.)    Argued May 10, 1888.    Decided May 18, 1888.

Bill to set aside certain transfers intended to embarrass complainant's title to land occupied by him.    Defendants appeal from decree granting relief prayed for.    Affirmed. The facts are stated in the opinion.

*Godwin, Adsit & Dunham,* for complainant.

*Birney Hoyt,* for defendants.

CAMPBELL, J.    Complainant filed his bill to have set aside certain transfers of real estate intended to embarrass his title to a tract of 20 acres owned and occupied by him in the town of Paris, Kent county, Mich.    The case is a peculiar one, depending upon facts, and not involving any very serious difficulty.    The court below decided in favor of complainant, and defendants appeal.

The land was, about 1860, owned by Jonathan Powers, father of defendants, but incumbered by a mortgage executed to Martin Andrews by one Woodbridge Merrifield, which matured in 1863, and one given by Powers to Merrifield. This first mortgage was foreclosed in chancery, and complainant obtained a commissioner's deed, under the foreclosure, in February, 1865.    In 1860, complainant had pur-

chased the equity of redemption from Jonathan Powers, and taken a conveyance in the name of his father, as he claims, and complainant and his father had possession. Complainant got and asserted complete possession under his foreclosure purchase, and has held it exclusively and openly ever since, being a period of 23 years and more. Jonathan Powers knew of this, and acquiesced in it till his own death, in 1879, and no one has questioned it since, until the very singular transaction complained of.

On September 29, 1885, defendant John E. Powers, purporting to act as administrator of Jonathan Powers, but without license or color of authority from any source as such, undertook to make a conveyance to the other defendant of the land in question for the nominal consideration of $4,000, and she executed back a mortgage of $2,000. This deed, which could not have been valid even if Jonathan Powers had died seized of the land, was made for the evident purpose of affecting complainant's title. It set out that complainant obtained possession fraudulently and without consideration, pretending to own it, and that he withholds from record papers which, if recorded, would compel him to pay for the land as agreed with Jonathan Powers, and holds by fraud and sharp practice.

In answer to complainant's bill, defendants, who did not answer under oath, set up, in substance, that complainant bought by executory contract in 1860, binding himself to pay the Merrifield mortgage and the Powers mortgage, and the balance immediately after those mortgages became due. Defendants insisted, in their answers, on an accounting by complainant, and a payment or foreclosure of the contract.

Upon an examination of the testimony, we think the suggestions of the answer have no foundation in fact, and that Jonathan Powers neither had nor claimed any interest in the lands or their value. Had he retained any such interest in the purchase money, it would apparently have been

barred during his life, but we do not think there is any evidence or likelihood that he ever owned any interest after 1860. All of the circumstances favor complainant's claim, and substantiate his case.

We are satisfied that he has been in possession, under the foreclosure deed, more than twenty years before defendants undertook to meddle with the land, and that their action was malicious, and upon no foundation of right whatever. They have no such title, or color of title, as would authorize them to attack the foreclosure if it were not regular, and complainant's title, whether formal or not, long since ripened into an indefeasible one. But we do not think that, under all the circumstances, there is any substantial reason to doubt that the foreclosure proceedings were properly conducted.

The entire absence of right in the defendants makes it unnecessary and useless to discuss the facts at length. Their intermeddling can only be regarded as illegal, and injurious to complainant.

They have no grounds for complaining of the decree, and it must be affirmed.

The other Justices concurred.