ALLEN D. CHESEBRO v. JOHN E. POWERS ET AL.

[See 70 Mich. 370.]

*Slander of title—Joint liability—Measure of damages—Evidence— Statute of limitations.*

1. While it is true that two or more persons cannot as a general rule be held jointly liable for a verbal slander, yet, under circumstances where all are jointly concerned and interested, and participate in the general purpose, such concert and co-operation may be shown, although the false and malicious statements may have been made by one alone. *Haney Manufacturing Co. v. Perkins*, 78 Mich. 1.

2. In a suit for defamation of title by the execution of a deed containing a statement that the plaintiff had fraudulently and without consideration obtained possession of the land described in the deed, and that he pretends to own it, etc., which statement is found to have been malicious and upon no foundation of right whatever, plaintiff should be allowed to make full proof of the acts and conduct of all of the defendants,—they having all participated and actively engaged in the execution and delivery of the deed,—in their continued claim of title under the deed and the recital therein, not only to show their continued claim of pretended rights in the premises, but also their motive in inserting the recital in the deed, and in their pretended claims thereunder.

3. The taxable costs awarded to a party in a suit to remove a cloud upon his title caused by the insertion in a deed of a statement that he had fraudulently obtained possession of the land, which

he pretends to own, etc., are not the measure of his damages in a suit for defamation of title, but he may recover as damages any other reasonable outlay incurred in removing such cloud,—it appearing that the defendants acted maliciously, and under a claim which they knew to be false, for the purpose of harassing the plaintiff and thereby forcing a settlement.

4. Whether How. Stat. § 8714, limiting actions for slanderous words to two years after the cause of action accrues, applies to an action for defamation of title by the execution of a deed and inserting therein a statement that the plaintiff had fraudulently obtained possession of the land, etc., query? But, if so, the continued claim of rights under the deed, which were settled adversely to defendants in a suit to remove the cloud thereby created less than two years prior to the commencement of suit, will save the action from the operation of the statute.

Error to Kent. (Grove, J.) Argued November 14, 1889. Decided December 28, 1889.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Godwin, Adsit & Dunham,* for appellant, contended for the doctrine stated in the opinion.

*J. C. FitzGerald (Charles Chandler* and *Francis A. Stace,* of counsel), for defendants, contended:

1. Taxable costs are the only recompense awarded to a successful litigant to compensate him for the expense of prosecuting a just claim or defending against an unjust and illegal one; citing *Harmon v. Tappenden,* 3 Esp. N. P. 278; *Malden v. Fyson,* 11 Adol. & Ell. (N. S.) 292; *Loton v. Devereux,* 3 B. & Adol. 343.

2. The plaintiff could not recover under the proofs, for no action can be maintained if the acts of the defendants were done in good faith for the purpose of asserting a claim which they at the time believed to be valid, no matter how erroneous and ill-grounded such belief might be; citing *Pitt v. Donovan,* 1 Maule & S. 639, 648; *Smith v. Spooner,* 3 Taunt. 246, 254; *Walkley v. Bostwick,* 49 Mich. 374; *Thompson v. White,* 70 Cal. 135; *Like v. McKinstry,* 3 Abb. App. Dec. 62, 66, 67; *Pater v. Baker,* 3 Man. (Gr. & S.) 831, 868; *Wilson v. Dubois,* 35 Minn. 471.

3. The plaintiff having instituted and prosecuted to judgment his suit in chancery to be relieved against the act of the defendants in placing the deed and mortgage on record, he cannot now bring this suit at law to recover damages on account of the same act. The chancery court had jurisdiction over the entire matter, and its decree should be final; citing *Chesebro v. Powers*, 70 Mich. 370.

4. Damages for slander of title must be such as naturally and proximately result from the act of the defendants; citing 3 Suth. Dam. 674; *Walkley v. Bostwick*, 49 Mich. 374; *Vicars v. Wilcocks*, 8 East, 1; *Ward v. Weeks*, 7 Bing. 211; *Tutein v. Hurley*, 98 Mass. 211; and special damage is of the essence of the action; citing *Wetherell v. Clerkson*, 12 Mod. 597; *Cook v. Cook*, 100 Mass. 194; *Wilson v. Dubois*, 35 Minn. 471; and the words must be spoken pending some treaty or public auction for the sale or purchase of the property, or the action will not lie; citing Starkie, Sland. (Folkards) § 128.

5. It seems to us that this action cannot be classified as coming under any other head than that of the law of libel, and it has always been so treated and considered in the books; citing Townsh. Sland. & Lib. § 130; Starkie, Sland. (Folkards) § 124; and that the fact that it is not for defamation of character by words actionable *per se* does not affect the general nature of the suit as being one for libel and slander, and therefore barred by the statute; citing How. Stat. § 8714.

LONG, J.  There is but little controversy about the facts in this case. The plaintiff's claim in his declaration is that he is the owner of certain real estate in Kent county, of the value of about $5,000, and that the defendants, well knowing the premises, but contriving, and falsely and fraudulently intending, to injure the plaintiff, and cause it to be suspected and believed that he, the said plaintiff, had no title in or to said land, and to spread a cloud upon the title thereto, and to hinder and prevent the plaintiff from enjoying his said estate free from any annoyance on the part of the defendants, and to prevent him from selling, mortgaging, or conveying said property, and to cause and procure the plaintiff to sustain and be put to divers great expense in order to definitely settle and decree his title thereto to be free from such slander

and cloud and vexation, and to harass, oppress, impover-
ish, and injure the plaintiff, heretofore, to wit, on Sep-
tember 29, A. D. 1885, at the city of Grand Rapids, in
said county, did wrongfully, willfully, maliciously, and
injuriously cause to be made, executed, and acknowledged
a certain deed, bearing date September 29, A. D. 1885,
made by John E. Powers, administrator of the estate of
Jonathan Powers, deceased, of the first part, to Mary
Elizabeth Powers of the second part, for a consideration
named as $4,000, and in which said deed said defendants
caused to be inserted, in words and figures substantially as
follows, to wit:

"One Allen Chesebro has fraudulently, and without
consideration, obtained possession of the within-described
land, and pretends to others that he owns it, and is try-
ing to sell it. Said Chesebro withholds from record papers
which would, if recorded, compel him to pay for said
land as agreed upon between himself and Jonathan Pow-
ers, now deceased; otherwise he holds possession through
fraud and sharp practice, and against the interests of the
heirs of said Jonathan Powers."

Which said recital was wrongfully, willfully, and mali-
ciously false, and which said deed said defendants wrong-
fully and maliciously caused to be recorded, etc.    The
declaration also sets out, as of the same date, and from
thence hitherto, that said defendants willfully and mali-
ciously asserted and represented to divers persons to the
plaintiff unknown that the representations in said deed
were true, and that the heirs and representatives of Jon-
athan Powers, deceased, are the owners of said lands, etc.
The further claim is made in the declaration that the
plaintiff was compelled to take proceedings in the
courts to quiet his title to said lands, and to remove the
cloud therefrom, and was put to large expense thereby,
and, as incidental thereto, in preparing his said suit, and
in seeking to procure, and in procuring, the necessary

evidence to sustain the same, and to rebut the false and willful misrepresentations held out by said defendants.

The defendants, with their plea of the general issue, gave notice of the statute of limitations as a bar to the action.

On the trial of the cause plaintiff put in evidence the record and proceedings in the chancery cause of *Chesebro v. Powers*, which was decided at the April term of this Court, 1888, and is reported in 70 Mich. 370 (38 N. W. Rep. 283). The facts are fully stated in the opinion of Mr. Justice CAMPBELL in that cause; and the decree made in the court below, removing the cloud from the land of the plaintiff in this suit, who was the complainant in the chancery cause, was affirmed by this Court, with costs.

The present action is brought to recover damages for defamation of title, not only in making and recording the deed with the slanderous words inserted, but also by reason of the false and malicious claims and pretenses of the defendants that the words inserted in the deed were true. In the chancery proceeding the cloud was fully removed from the title of complainant, and his lands decreed to be free and unincumbered of any claim made by defendants, and the complainant awarded his costs, and in both courts. But the claim is made in the present action for, and on the trial plaintiff offered proofs to show, the amount of time and expense he was necessarily put to in looking up witnesses, and preparing his case, and obtaining the decree removing the cloud from his title. Counsel for defendants objected to such proof, on the ground that it was immaterial and irrelevant, and that such proof would not support an action for defaming title. This objection was sustained, and counsel for defendants contend here that the taxable costs in the chancery suit are the only recompense that can be awarded.

Plaintiff also offered evidence to show that Margaret Powers, in the year 1887, and since the deed and mortgage were made, stated and claimed that plaintiff did not have title, and that duing the year 1887 she attempted to have the land assessed to her; that she stated the plaintiff owed her on the land about $2,600, and that the property was hers. Under objection of counsel for defendants, this testimony was excluded. At the close of the trial the court directed the verdict for defendants, and judgment was entered in their favor. Plaintiff brings error.

The only claim of damages relied upon here is that the plaintiff was put to a large amount of costs and expense in the litigation through which the deed and mortgage were declared void, and the cloud upon the title removed, and for which the plaintiff was not compensated by the taxable costs in that proceeding.

The court was in error in refusing to allow plaintiff to show the statements made by Margaret Powers, and her claim of title to the premises. While it is true that two or more persons cannot, as a general rule, be held jointly liable for a verbal slander, yet, under circumstances where all are jointly concerned and interested, and participate in the general purpose, the concert and co-operation may be shown, although the false and malicious statements may have been made by one alone. The evidence shows conclusively that all the defendants participated and actively engaged in the execution and delivery of the deed and mortgage containing the defamation of title to the lands of the plaintiff, and the evidence offered was competent to show that they continued, after the time of the making and delivery and of the recording of the deed and mortgage, to claim title to the premises, and assert their rights thereunder. Such testimony would not only tend to show the slander, but also

the willful and malicious claim made under these conveyances. It is not an action for a verbal slander, but one grounded upon the statements contained in the deed, and claims thereafter made from time to time that the recitals in the deed were true. That such claim was made by the defendants for the purpose of compelling the plaintiff to pay for said lands, or to settle their pretended claim, is made apparent from this record. The merits of that controversy were, however, settled by this Court in the chancery case when before us, and need not be discussed here. In that case it was said:

"All of the circumstances favor complainant's claim, and substantiate his case. We are satisfied that he has been in possession, under the foreclosure deed, more than 20 years before defendants undertook to meddle with the land, and that their action was malicious, and upon no foundation of right whatever."

The court below should have permitted the plaintiff, under the claim in his declaration, to have gone fully into the proofs of the acts and conduct of all the defendants, in their continued claim of title under these conveyances, and the recital in the deed, not only to show their continued claim of pretended rights in the premises, but also as showing the motive of defendants in inserting the words in the deed, and the pretended claims thereunder.

The court was also in error in rejecting the testimony offered on the question of damages. The taxable costs in the chancery case may have fallen far short of compensating the plaintiff for all the costs and expenses he was necessarily put to in that proceeding. The rules as to taxable costs limit the amount to be recovered by the prevailing party, and may in many instances fall far short of full and complete recompense for an injury done from bad motives. Whether the defendants were actuated by malice, and wrongfully and willfully asserted the claim

without just cause or excuse, is a question of fact for the jury. But the court excluded the plaintiff's testimony upon this question. If, upon the proofs, the jury found that the defendants acted maliciously, and under a claim which they knew to be false, for the purpose of vexing and harassing the plaintiff, and thereby compel him to a settlement of a claim which they knew to be wrongful, then the plaintiff would not be limited to his taxable costs, and any other reasonable outlay by him in removing the cloud from his title would be damages for which he could recover. This is not entirely a new question in this State. In *Brand v. Hinchman*, 68 Mich. 590 (36 N. W. Rep. 664), the action was brought to recover damages for falsely and maliciously attaching the property of the plaintiffs, and Mr. Justice MORSE, after a review of the many cases bearing upon the question, said:

" The matter of costs I do not consider a sufficient reason for denying remedy, as the costs, under our practice, awarded the prevailing party, are never sufficient to re-imburse him for the actual cash expenses of the litigation, to say nothing of the loss of time and the inconvenience and trouble suffered."

The action under the proofs offered is not barred by the statute of limitations. The act complained of as constituting the cause of action commenced in 1885, at the time of the execution and recording of the deed; yet, even if section 8714 of Howell's Statutes has application to this form of action, the continued claim of rights in the premises under the deed from that time forth up to within a few months of the commencement of the suit was a continuing grievance, of which plaintiff complains, and the rights of the parties thereunder were not settled until May, 1888.

The judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.