28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sheila J. SOLOMON, Trustee of the Estate of Teresa F. Mitan,
Plaintiff/Counter-Defendant/Appellee,
v.
MITAN PROPERTIES CORPORATION, a Michigan Corporation,
Kenneth Mitan, and Keith Mitan, Jointly and
Severally,
Defendants/Counter-
Plaintiffs/Appellants.
 No. 93-1730.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1994.
 
 Before: KENNEDY and JONES, Circuit Judges; and GRAHAM, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendants/counter-plaintiffs, Mitan Properties Corporation, Kenneth Mitan and Keith Mitan (the "Mitans"), appeal from the order of the District Court granting summary judgment for the plaintiff/counter-defendant, Sheila J. Solomon, Bankruptcy Trustee, on the Mitans' counterclaim for slander of title. On appeal, the Mitans contend that the District Court erred when it ruled that their claim for slander of title was time-barred. For the reasons stated, we affirm.
 
 I.
 
 2
 Solomon is the trustee of the bankruptcy estate of Teresa F. Mitan. On January 28, 1988, Solomon recorded an Affidavit of Interest of Trustee in Bankruptcy on property in Wixom, Michigan. Solomon believed that the Wixom property may have been fraudulently transferred by the debtor to Mitan Properties prior to the bankruptcy proceeding. Mitan Properties is a Michigan corporation engaged in the real estate business and owned by Kenneth and Keith Mitan, sons of the debtor.
 
 
 3
 On July 13, 1988, the Mitans made a motion to have the trustee remove the Affidavit of Interest from the title of the Wixom property. Subsequently, on October 13, 1988, the Bankruptcy Court ordered the trustee to remove the affidavit. Solomon allegedly prepared and delivered a release of the Affidavit of Interest to the Mitans' former counsel in October 1988. However, a release was not actually recorded until August 1990.
 
 
 4
 Subsequently, Solomon sued Mitan Properties, Keith Mitan and Kenneth Mitan to recover payment due on an installment note and guaranty relating to other property. In defense, on May 29, 1991, the Mitans asserted a counterclaim against Solomon for slander of title arising from the recording of the Affidavit of Interest on the Wixom property. The District Court initially entered a partial summary judgment for Solomon on the note and guaranty. Subsequently, the District Court also entered a summary judgment for Solomon on the Mitans' slander of title claim, reasoning that the claim was time-barred. The Mitans now appeal the order of the District Court dismissing their slander of title counterclaim.
 
 II.
 
 5
 This Court reviews a District Court's order of summary judgment de novo, "making all reasonable inferences in favor of the nonmoving party to determine if a genuine issue of material fact" exists. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Viewing the evidence in the light most favorable to the nonmoving party, this Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 III.
 
 6
 The Mitans claim that the District Court erred in ruling that the statute of limitations barred their slander of title claim because they filed their claim against Solomon within one year of Solomon's recording of the release of the Affidavit of Interest.[2] The Mitans specifically contend that the failure to file a release of the Affidavit of Interest constituted a continuous grievance and the statute of limitations did not begin to run until the release was recorded.
 
 
 7
 Solomon counters that the slander claim is barred by the statute of limitations. Solomon claims that the statute of limitations began to run in October of 1988 when the Bankruptcy Court ordered the Trustee to remove the Affidavit of Interest. Additionally, Solomon argues that the Mitans could have cleared their title by filing the October 1988 bankruptcy order under Mich.Comp.Laws Ann. Sec. 565.401 or they could have filed their own affidavit clearing title under Mich.Comp.Laws Ann. Sec. 565.451a.
 
 
 8
 The only Michigan case on this issue is Chesebro v. Powers, 44 N.W. 290 (Mich.1889). In Chesebro, the defendant, Powers Estate, recorded a deed for property located in Kent County, Michigan on September 25, 1885. The deed contained a recital that plaintiff, Allen Chesebro, had acquired ownership of the property by fraud and that the defendant was, in fact, the owner of the property. The plaintiff successfully sued to remove the cloud from his title and the Michigan Supreme Court affirmed the removal in May 1888. See Chesebro v. Powers, 38 N.W. 283 (Mich.1888).
 
 
 9
 Subsequently, plaintiff sued for slander of title in order to recover the damages incurred in the suit to remove the cloud from his title. Among other things, the defendant argued that the cause of action was barred by the statute of limitations. The Supreme Court of Michigan concluded that the action was not barred by the applicable statute of limitations. Specifically, the Michigan Supreme Court stated,
 
 
 10
 [t]he action under the proofs offered is not barred by the statute of limitations. The act complained of as constituting the cause of action commenced in 1885, at the time of the execution and recording of the deed; yet, even if section 8714 of Howell's Statutes has application to this form of action, the continued claim of rights in the premises under the deed from that time forth up to within a few months of the commencement of the suit was a continuing grievance, of which plaintiff complains, and the rights of the parties thereunder were not settled until May, 1888.
 
 
 11
 Chesebro, 44 N.W. at 292.
 
 
 12
 We conclude that the rights of the parties to the Wixom, Michigan property were settled in October 1988. On October 13, 1988, the Bankruptcy Court entered an order requiring Solomon to release the Affidavit of Interest. The trustee did not appeal from this order. Thus, when the Bankruptcy Court's order became final the rights of the parties to this property were settled. At that time, the Mitans could have removed the cloud on the title by recording the bankruptcy order with the register of deeds under Mich.Comp.Laws Ann. Sec. 565.401 or they could have filed their own affidavit clearing title under Mich.Comp.Laws Ann. Sec. 565.451a.
 
 
 13
 The Mitans filed the slander of title counterclaim on May 29, 1991, which is two years and six and one-half months after the parties' rights were settled. Because the statute of limitations period for slander of title is one year, the District Court correctly concluded that the Mitans' claim is barred.
 
 IV.
 
 14
 Because we affirm the District Court's judgment on the above basis, we need not address Solomon's remaining arguments in support of the District Court's opinion.
 
 V.
 
 15
 For the reasons stated, we AFFIRM the District Court's order dismissing the slander of title claim.
 
 
 
 [1]
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [2]
 Under Michigan law, the statute of limitations for an action charging slander of title is one year. Bonner v. Chicago Title Ins. Co., 487 N.W.2d 807 (Mich.Ct.App.1992)