Lucy Walkley v. Byron Bostwick and Philo D. Phillips.

*Wrongful levy—Slander of title—Cost of record.*

A levy of execution against one person upon lands belonging to another and without going upon the land, creates no lien upon it and is not an actionable wrong, where there is no malice; and if not alleged to be malicious it will not sustain an action for slander to title.

An action for slander to title must be grounded on malice.

The levy of an execution against one person upon lands belonging to another does not, of itself, excuse a contract purchaser of the land from fulfilling his contract ; and though one who has agreed by parol to take the land makes such a levy an excuse for breaking off negotiations, his act cannot in law be treated as a natural consequence of the levy.

Levy of an execution upon the personal property of a stranger to the judgment is a positive wrong because there is positive interference with the owner's possession.

Costs for printing the record were denied upon reversal on error in a case where all the evidence was needlessly embodied in the bill of exceptions, and the record was incumbered with assignments of error which were not relied on.

Error to Wayne. Submitted Oct. 5. Decided Oct. 31.

Case. Defendants bring error. Reversed.

*Henry M. Duffield* for appellants. The difference between levies on realty and on personalty is stated in *Catlin v. Jackson* 8 Johns. 520 ; mere levy of execution does not work disseisin as to a stranger thereto : *Howeth v. Mills* 19 Tex. 295 ; Crocker on Sheriffs § 490.

*Aikman & Walker* for appellee. Trespass is the proper action where the process has been misapplied, as where A. or his property has been taken upon process against B., trespass is in general the only remedy : 1 Chit. Pl. § 185 ; *Sanderson v. Baker* 3 Wils. 309 ; the levy of an execution against A., upon property in the possession of B., is a trespass, and the plaintiff in execution, the attorney for the plaintiff in execution, and the officer who makes it, are all

liable: *McDougald v. Dougherty* 12 Ga. 613; where property is taken which is not that of the execution debtor, the taking is necessarily tortious, and is always a trespass: *Heyman v. Covell* 36 Mich. 159; *Buck v. Colbath* 3 Wal. 334.

COOLEY, J.   Action on the case against the sheriff of Genesee county, and Byron Bostwick, the plaintiff in an execution against one John Walkley, for wrongfully making levy of the execution on lands owned by the plaintiff, whereby a trade which she had negotiated was broken up to her loss.   The plea was the general issue, and there was a trial the result of which appears before us in a printed record of one hundred and seventy pages.

The plaintiff does not aver that the levy on her property was malicious, or that it was made with any purpose to wrong her, but she relies for recovery upon the bare facts that the levy was made upon her lands, and that a purchaser to whom she had bargained it refused in consequence to complete the bargain.   As the levy could create no lien on her land, or in any manner charge, endanger or affect her title, it may well be questioned whether the alleged damage is the natural and proximate result of the act complained of. At most the act of the defendants amounted to no more than a formal assertion that the ownership of plaintiff's land was in John Walkley, and that they proposed to maintain that assertion in legal proceedings.   But this assertion would not have justified a purchaser in throwing up his bargain. If he had previously entered into a valid contract the levy could not have excused his failure to perform it, and if he had only agreed by parol to take the land, the breaking off of the negotiations for a reason that would not have excused the performance of a valid contract can only be attributed to excess of caution, and certainly cannot be referred to an act which in law was wholly inadequate to have caused it. A purchaser who is not yet bound may make such an attack upon the title an excuse for breaking off negotiations, and so a master may make the slander of his servant an excuse for discharging him from employment; but if he should do so the discharge could not be deemed a natural consequence

of the slander. *Vicars v. Wilcocks* 8 East 1; *Ward v. Weeks* 7 Bing. 211; *Tutein v. Hurley* 98 Mass. 211. The cases are analogous.

Nor is this action grounded on the principle that supports an action for slander of title; for that is grounded on malice. *Malachy v. Soper* 3 Bing. N. C. 371; *Walden v. Peters* 2 Rob. (La.) 331. Here, as has been said, no malice is averred, and it is presumable that the defendants in good faith supposed they might contest and disprove the plaintiff's title. The case therefore is without precedent, so far as we know, and no authority is cited for it.

When a sheriff levies his execution on the personal property of one who is a stranger to the judgment, there is a positive wrong, because there is a positive interference with the owner's possession. There might also be a trespass in the levy of execution on lands if the officer were to go upon the lands for the purpose; but it is not pretended that he did so in this case. Here the plaintiff finds her injury in the bare fact of levy; in other words, in the bare fact that these two defendants without malice have asserted that another party owns the land. But in law this is not an actionable wrong. *Howeth v. Mills* 19 Tex. 295.

This fatal defect in the plaintiff's case was not pointed out by the defense until the case went to trial. The record which now comes up contains fifty-nine assignments of error, and embraces all the evidence. Many of the assignments were not argued, and for presenting the others so voluminous a record was not required. Embodying all the evidence in the bill of exceptions without necessity, and cumbering the record with assignments of error not relied upon, is an evil to which we have often called attention before. It misleads the opposite party, and it imposes unnecessary labor on the Court.

In this case the judgment will be reversed with costs of both courts, but in taxing the costs the cost of the record will not be included.

The other Justices concurred.