[Nos. 13450, 13451.  Department One. — April 30, 1890.]

## BULWER CONSOLIDATED MINING COMPANY, Respondent, *v.* STANDARD CONSOLIDATED MINING COMPANY, Appellant.

Quieting Title — Pleadings — Findings. — The principles announced in the case of the same title, *supra*, applied to the determination of this cause.

Id. — Amendment of Complaint. — Enlarging Description of Premises — Disclaimer. — The allowance of an amendment to the complaint in an action to determine an adverse claim to real property, by enlarging the description of the premises claimed by the plaintiff, cannot be objected to as prejudicial, if defendant disclaims as to all of the premises described in the amended complaint.

Id. — Judgment without Costs as to Property Disclaimed. — A judgment in favor of plaintiff in such an action quieting his title to the property disclaimed by defendant without costs, and saving the rights of the defendant as claimed by him, is clearly right.

Change of Venue — Bias of Judge. — The bias and prejudice of a judge against the defendant corporation and its president and resident manager is not a ground of disqualification, and will not entitle the defendant to a change of the place of trial.

Appeal from a judgment of the Superior Court of Mono County, and from an order refusing to change the place of trial.

The facts are stated in the opinion.

*P. Reddy,* and *C. A. Schuman,* for Appellant.

*Lloyd & Wood,* and *Richard S. Miner,* for Respondent.

Vancliff, C. — There are two appeals in this case; one from the final judgment, and the other from an

order denying defendant's motion to change the place of trial, presented upon bills of exception.

The action is brought under section 738 of the Code of Civil Procedure, for the purpose of determining the adverse title alleged to be claimed by the defendant to the mineral land, veins, lodes, and ledges described in the complaint, of which the plaintiff claims to be the owner.

The parties to the action, and to this appeal, are the same as the parties to the appeal numbered 13192, this day decided.

The original complaint, filed March 17, 1888, is in the usual form of complaints in this class of actions, and in the same form as that in No. 13192, but describes a different lot of mineral land, designated as mineral entry No. 49 in the Bodie land-office, and called the Ralston No. 2 lode.

To this complaint the defendant filed an answer and a cross-complaint, which are identical in form and substance with the answer and cross-complaint in No. 13192; and claiming the same land, viz., the West Bullion lode and the west vein of the West Bullion lode location, and alleging that it adjoins the Ralston No. 2 lode.

The answer of the plaintiff to this cross-complaint is the same in form and substance as its answer to the cross-complaint in No. 13192, except that it claims the Ralston No. 2, instead of Ralston No. 1.

On June 17, 1888, by leave of the court, the plaintiff filed an amended complaint. The amendments consist of the additions to the Ralston No. 2 lode, of two other claims, called the Homestake lode claim and the Stonewall lode, which are alleged to adjoin the Ralston No. 2, so that the three pieces of land described in the amended complaint form one consolidated piece of land, constituting a portion of plaintiff's entire mining claim and property, known as and called the Bulwer mine.

The amendment of the complaint was opposed by the

defendant, and it is urged here that the court erred in allowing it.   The amendment did not change the nature of the action, nor state an entirely new cause of action; although it enlarged or added to the land described in the original complaint.   But whether or not the allowance of such an amendment was within the discretionary power of the court need not be decided, since it appears that the defendant was not injured thereby, having, in its answer, disclaimed any estate or interest in *any part* of the land described in the amended complaint, and the judgment for plaintiff being without costs, as it must have been, without the amendments.

The defendant filed an answer, and afterward an amended answer to the amended complaint.   The original answer consisted of admissions and denials, and contained no averment of new matter; but the amended answer to the amended complaint admits that the plaintiff is the owner, in possession, and entitled to the possession of the claim described in the amended complaint as the Ralston No. 2 mining claim, subject to the right of the defendant to follow and mine, in their course downward, all veins and ledges the tops or apexes of which lie within the vertical side lines of the West Bullion claim; but for want of sufficient information or belief to enable it to answer, and upon that ground, it denies that plaintiff is entitled to any of the veins, lodes, or ledges alleged to be in or connected with the Ralston No. 2 claim, as described in the complaint; and in like manner denies all the material allegations of the amended complaint as to the Homestake lode and the Stonewall ledge; and in like manner denies that all the mines, mining claims, and veins, lodes, and ledges described in the amended complaint "are held, owned, or possessed by the plaintiff as an entire piece or parcel of mining property, or constitute or are a portion of the mine, mining claim, or property of the plaintiff known as or called the Bulwer mine."

The amended answer then alleges the defendant's right to the West Bullion lode claim, and to the west vein therein, substantially as the same is alleged in the answer to the original complaint, and also in the cross-complaint in No. 13192, and further alleges as follows:—

"That defendant does not make or assert, and has never made or asserted, any claim adverse to plaintiff for any estate or interest in the mines, mining claims, or locations described in the amended complaint, or any claim of right to enter upon the surface of the same, or any claim of right to enter upon any portion thereof, except the right hereinbefore alleged and claimed, to wit, the right to follow, work, possess, and enjoy the veins, lodes, and ledges so belonging to defendant as aforesaid."

The "veins, lodes, and ledges" referred to in the last-quoted paragraph are those whose tops or apexes lie within the vertical side lines of the West Bullion claim, the right "to follow, work, possess, and enjoy" which do not, therefore, conflict with any right claimed by the plaintiff, since the plaintiff claims only the right to follow, work, possess, and enjoy all veins, lodes, and ledges the tops or apexes of which lie within the vertical side lines of the claims described in the amended complaint as the Ralston No. 2, the Homestake, and the Stonewall, in which the defendant disclaims any interest or estate whatever.

There was some controversy as to whether the amended answer was filed by leave of the court; and it was stricken out by the court because no leave had been granted to file it, and after it was stricken out the court denied leave to file it, upon the ground that it constituted no defense to the amended complaint. But for the purposes of this appeal it will be regarded as if it had been properly on file when the plaintiff moved for judgment on the pleadings.

There was no cross-complaint to the amended complaint.

On motion of plaintiff's attorneys the court gave judg-

ment for plaintiff on the pleadings, without evidence. The judgment recites that the defendant disclaims any interest or estate in the real property described in the amended complaint, or in any part thereof; and in the usual form adjudges the plaintiff to be the owner thereof, and that the defendant has no estate or interest therein; and closes with the following paragraph:—

"Nothing in this judgment or decree shall be construed as affecting the rights of this defendant to any mine, mining claim, or location, or veins to which it has title or right of possession, nor shall the same affect the right, if any it may have, of said defendant to follow any vein or lode which it may own or be entitled to the possession of on the dip thereof, beneath or into the said mines, mining claims, or locations of the plaintiff."

This judgment is without costs, and according to the principles announced in *Bulwer Consolidated Mining Co.* v. *Standard Consolidated Mining Co.*, No. 13192, this day decided, is clearly right. It does not touch or affect any property or right claimed by the defendant, and it gives to the plaintiff only what is disclaimed by defendant.

As to the appeal from the order denying defendant's motion to change the place of trial, it is to be observed that the only ground of the motion alleged or attempted to be proved was, that the "judge of said court is disqualified from acting in said case on account of his bias and prejudice against the defendant and A. Pettibone, its president and resident manager," which is not one of the grounds of disqualification enumerated in section 170 of the Code of Civil Procedure, and therefore not a ground of disqualification. (*McCauley* v. *Weller*, 12 Cal. 500; *People* v. *Williams*, 24 Cal. 31.) Beside, the pleadings raised no issue of fact to be tried by any court or jury.

I think the judgment and order should be affirmed.

GIBSON, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.