[No. 15551. Department One.—November 9, 1895.]

## JOHN D. FRENCH, RESPONDENT, v. JAMES Mc-CARTHY, APPELLANT.

APPEAL—SERVICE OF NOTICE UPON CODEFENDANT—DISMISSAL.—Where an action was brought against two defendants upon a contract of guaranty executed by them to the plaintiff, and was tried solely upon issues presented by the separate answer of one of them, and the record does not show that the codefendant had answered the complaint, it appears that a reversal of the judgment would have no effect upon the rights of such codefendant; and it is not necessary, upon an appeal from the judgment, to serve the notice of appeal upon such codefendant, nor will the appeal be dismissed for want of such service.

MOTION in the Superior Court to dismiss an appeal from the judgment of the Superior Court of the City and County of San Francisco.   D. J. MURPHY, Judge.

The facts are stated in the opinion.

*O'Byrne & Peixotto*, for Appellant.

*Chickering, Thomas & Gregory*, for Respondent.

From the time of the conditional release given him, Joost became an adverse party to the appellant, Mc-Carthy, and a reversal or modification of the judgment or order will materially affect said defendant, in that there will be a joint and several liability imposed upon the two defendants, and Joost's liability for contribution will be affected. (Civ. Code, sec. 1432; *Northern Ins. Co.* v. *Potter*, 63 Cal. 157; Code Civ. Proc., sec. 438; *Senter* v. *De Bernal*, 38 Cal. 640; *Thompson* v. *Ellsworth*, 1 Barb. Ch. 627; *Williams* v. *Santa Clara Min. Co.*, 66 Cal. 195.)   Notice of appeal should have been served on Joost.   (*O'Kane* v. *Daly*, 63 Cal. 317; *Butte County* v. *Boydstun*, 68 Cal. 189; *Toy* v. *San Francisco R. R. Co.*,

75 Cal. 542; *In re Castle Dome Min. Co.,* 79 Cal. 246; *Miller* v. *Richards,* 83 Cal. 563; *Harper* v. *Hildreth,* 99 Cal. 265; *Lancaster* v. *Maxwell,* 103 Cal. 67.)

THE COURT.—The respondent has moved to dismiss the appeal for failure of the appellant to serve his codefendant, Joost, with the notice of appeal. The action was brought against the appellant and Joost upon a contract of guaranty, executed by them to the plaintiff, and was tried solely upon the issues presented by the answer of the appellant. It does not appear from the judgment-roll that Joost has answered the complaint, and the judgment appealed from is against the appellant alone, and contains no reference to Joost. A reversal of this judgment would, therefore, have no effect upon the rights of Joost, as there has been no trial or determination of the plaintiff's claim against him, or of his defense thereto.

The motion is denied.