[S. F. No. 5443.   Department Two.—March 8, 1912.]

GEORGE A. DEITER, Appellant, v. J. N. KISER, NICK FANK and JOSEPH M. FOURCADE, Defendants and Respondents, and J. N. KISER, NICK FANK and JOSEPH M. FOURCADE, Cross-Complainants and Respondents, v. GEORGE A. DEITER, E. E. BRAY and F. W. BRAY, Cross-Defendants and Appellants.

APPEAL—ACTION TO CANCEL DEED AND QUIET TITLE—DISMISSAL OF APPEAL BY PARTY HAVING NO INTEREST.—In an action to cancel a deed and to quiet title, in which judgment as prayed for was rendered, an appeal by a party defendant will be dismissed, where her pleadings alleged and her counsel admitted at the hearing, that she had no interest in the subject-matter of the action at the time of its commencement, and prior thereto had assigned whatever interest she may have had to her co-defendant.

MOTION to dismiss an appeal from a judgment of the Superior Court of San Benito County and from an order refusing a new trial.  M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

W. M. Gardner, W. C. Kennedy, and A. D. Shaw, for Appellants.

Briggs & Hudner, and H. W. Scott, for Respondents.

LORIGAN, J.—The complaint averred an agreement entered into between defendants and one E. E. Bray upon the performance of which a deed conveying a two-thirds interest in certain mining property was to be delivered to her; that said E. E. Bray assigned her rights and interest under said contract to the plaintiff; that a deed conveying said interest to E. E. Bray was placed in escrow and while so in escrow was fraudulently altered by defendants and thereafter delivered to her, who, ignorant of the alteration had it recorded. Plaintiff, as assignee of said E. E. Bray, brought this action against defendants for a reformation of the deed. Defendants answered denying the averments of the complaint and filed a cross-complaint in which the plaintiff and E. E. Bray and F. W. Bray, her husband, were made cross-defendants, and a decree sought against them that the deed in question and the agreement under which it was executed be both declared void and the title of the defendants to the property described in the deed be quieted. The court ordered the Brays brought in as parties, which being done, they with their cross-defendant, the plaintiff Deiter, filed a joint answer to the cross-complaint.

Judgment was entered in favor of the defendants and cross-complainants in accordance with their cross-complaint. Plaintiff and the Brays moved for a new trial, which was denied, and they took a joint appeal from both the judgment and the order.

Thereafter a motion was made here by respondents to dismiss both appeals as to all the parties appealing. The motion to dismiss the appeal of Deiter, the original plaintiff, was based on the ground that the attorneys giving the notice of appeal on his behalf had no authority to do so. As to the Brays it was based upon the ground that they were not parties having any interest in the action or parties affected or aggrieved by the judgment or order appealed from.

The motion to dismiss the appeal of Deiter was granted. (158 Cal. 259, 110 Pac. 921].) It was denied as to the Brays for the reason that its determination would require an examination of the entire record and of the merits of said appeal which this court will not make in advance of a hearing upon the merits. It was stated that the motion might be renewed when the cause came up on such hearing.

Subsequently, the case being set down for hearing on the merits the respondents renewed their motion to dismiss the appeal taken by the Brays for the same reason assigned on the original motion—that they are not parties interested in the action.

An examination of the record satisfies us that this point is well taken. In fact, it appears clearly from the brief itself filed by the appellants in the case that these appellants— the Brays—had no interest in the subject-matter of this action. Nor is it apparent from the record why they were made parties to the action at all. F. W. Bray was the husband of E. E. Bray and negotiated with the defendants in procuring the agreement and deed, but it appears he had no interest whatever growing out of the execution of these instruments or in the property which was the real subject-matter of the controversy. He was doubtless joined because he was the husband of E. E. Bray, who alone was the party with whom the defendants and cross-complainants made the agreement to convey an interest in the mining property and to whom the deed therefor, placed in escrow and subsequently delivered, ran. The complaint avers that long prior to the commencement of the action plaintiff Deiter had acquired all the rights and interest held by said E. E. Bray and became the legal owner of all of her interests in said mining property. The cross-complaint averred that Deiter asserted such a claim and in the answer thereto made jointly by Deiter and the Brays, the latter admitted that their cross-defendant Deiter claimed by assignment from E. E. Bray all the rights granted under the agreement and that he was "the absolute owner of two-thirds interest in and to said mining claims and property," and averred full performance by him of all the conditions which were contained in the agreement between defendants and herself whereby "he became entitled to the deed and transfer to him of said two thirds of the mines and mining property."

The opening brief of counsel for appellant states that "the assignment to Deiter by E. E. Bray carried with it all her right, title and interest in the property conveyed to her by the deed of August 26, 1907."

It is quite apparent under this showing from the record, and the declaration of counsel for appellants, that the Brays

have no interest whatever in this controversy. They ask for no relief in their own behalf under their pleadings, but simply that the relief which their co-cross-defendant Deiter asks in his complaint, and in which he averred ownership by assignment from E. E. Bray of all her interest in the property in question, be granted him. No relief was denied these appellants because they asked for none. All that the trial court by its judgment determined, as far as they are concerned, is that they had no interest in the property or in the deed thereto, and they are in no position to assert that they are aggrieved by such judgment because, not only by their pleadings do they concede that the interest which E. E. Bray originally had in this property vested long before the action was commenced absolutely in the plaintiff Deiter, but this is also the position taken by counsel representing them and Deiter on this appeal.

As, therefore, the Brays had no interest in the subject-matter of this action which could be or was affected by the judgment or order appealed from, they are not parties aggrieved thereby or entitled to appeal, and the motion of respondents to dismiss their appeal is therefore granted.

Henshaw, J., and Melvin, J., concurred.