HARRISON *v.* HOWE.

1. SLANDER OF TITLE—LANDLORD AND TENANT—MALICE.

The false statement of a lessor that his lessee has no right to sublet for saloon purposes is not actionable if made without malice, although an opportunity to sublet is thereby lost to the lessee.

2. SAME—EVIDENCE—QUESTION FOR JURY.

Where it appears in an action upon such statement that the lease authorized the plaintiff to sublet for business purposes, and that he himself had, to the lessor's knowledge, sold liquors while occupying under such lease, the question of malice is for the jury.

3. WRITTEN CONTRACT—PAROL EVIDENCE—TERMS OF LEASE.

In an action between the parties to a lease for slander of title, parol evidence is inadmissible to show that contemporaneously with the execution of the lease, providing in terms

that the lessee might sublet for "business purposes," there was a verbal agreement that he should not sublet for a saloon.

4. TRIAL—COURT RULES—ARGUMENTS OF COUNSEL.
　　Circuit Court Rule No. 63 provides that "not less than one hour on each side shall be allowed to counsel, if desired, in summing up a cause;" and a trial judge is therefore in error in limiting arguments to 10 minutes on a side. ♦

Error to Bay; Maxwell, J. Submitted April 21, 1896. Decided May 26, 1896.

Case by George Harrison against Moses Howe for slander of title. From a judgment for plaintiff, defendant brings error. Reversed.

*Lee E. Joslyn*, for appellant.

*G. H. Francis* and *Lyon & Pierce*, for appellee.

MONTGOMERY, J. This is an action on the case, brought by the plaintiff to recover damages for an alleged statement made by defendant as to the plaintiff's right to lease a certain piece of property on Midland street, West Bay City. Plaintiff was defendant's tenant, and held by virtue of a 12-year lease executed in March, 1886. Plaintiff built a building on the land, and rented it for an hotel, in which liquors were sold. Subsequently the hotel burned, and the building was rebuilt one story, and since that time has been used for various purposes. The building has two parts, each with a rental value of about $12 per month. Plaintiff, through his son as agent, sought to sublet one of these departments to one Fournier, to be used for saloon purposes. Plaintiff's testimony tended to show that Harrison and Fournier had completed arrangements for the lease at a monthly rental of $12, when the latter had a conversation with the defendant, Howe, and was told by him that Mr. Harrison could not rent the building, according to the contract, for saloon purposes. Fournier also testified that Howe objected to having a saloon on the premises, and because

of said objections, and Howe's statement concerning plaintiff's right to lease, he refused to rent the premises. Plaintiff claims that through Fournier's refusal to take the place it was without a tenant for five months. Plaintiff brought suit, and recovered judgment in both the justice's and the circuit courts for the sum of $52.40.

Defendant, on the trial, offered testimony tending to show that, at the time the lease was made, plaintiff had orally agreed not to sublet the premises for a saloon. It also appears that the plaintiff, on learning of defendant's statement to Fournier, showed defendant the lease, and called attention to the clause which gave him the right to sublet for "business purposes," and the defendant then stated that he did not know that the clause was in the lease, and went with him to Fournier, and told him that he could go in, but Fournier had then rented another place.

The defendant's counsel asked the court to charge the jury that this claim was not actionable, even if the defendant had failed to prove that what he said as to his claim of title was true, unless the jury should find that the defendant used the words and said what he did with express malice. The circuit judge refused this request, and charged the jury as follows:

"If the landlord interferes with the possession, or by his own conduct prevents the tenant from the enjoyment of the property to the full extent of the lease, he is liable in an action on the case for the damages which ensue, and it is not necessary that there should be any malice about it. Everybody is liable for the effect of his conduct."

This is not a case of manual interference with the tenant's possession. The plaintiff's right of recovery, if any, rests upon a false statement of defendant affecting plaintiff's right in the property; in other words, a slander of title. The fact that plaintiff derived his title from defendant does not determine the question, except as the defendant's knowledge of the plaintiff's rights bears upon

the question of motive or want of good faith in the claim. One of the leading cases of slander of title (*Smith* v. *Spooner*, 3 Taunt. 246) was a case where the relation of tenant and landlord existed between the parties, and it was held that an assertion of title by the defendant was not actionable unless malicious. In this case the defendant had title to the fee. He was interested in the character of the occupancy, and his assertion related to the rights of the plaintiff in this regard; in other words, affected the title of the plaintiff. Now, if this assertion was untrue and malicious, the plaintiff can maintain an action, but the action does not lie in the absence of malice. *Walkley* v. *Bostwick*, 49 Mich. 374. The rule is correctly stated in Newell on Defamation, 206:

"The mere fact that a person asserts a claim to the property which is unfounded does not warrant a presumption of malice. Malice must be proved as a substantive fact. * * * So it is not actionable for any man to assert his own rights at any time; and, even where the defendant fails to prove such right on investigation, still if, at the time he spoke, he supposed in good faith such right to exist, no action lies. Hence, whenever a man claims a right or title in himself, in possession or in remainder, it is not enough for the plaintiff to prove that he had no such right; he must also give evidence of express malice; that is, he must also attempt to show that the defendant could not honestly have believed in the existence of the right he claimed, or at least that he had no reasonable or probable cause for so believing. If there appear no reasonable or probable cause for his claim of title, still the jury are not bound to find malice. The defendant may have acted stupidly, yet from an innocent motive." See, also, 13 Am. & Eng. Enc. Law, 368.

It is true that in this case there was evidence which would have fully justified the jury in reaching a conclusion that there was malice in fact, consisting of the evidence that the lease to plaintiff actually authorized him to sublet for business purposes, and of the further fact that the plaintiff himself had, while occupying under the lease,

used the premises for an hotel in which liquors were sold. But the question whether there was malice in fact was for the jury. As was said by Mr. Justice CHAMPLIN in *Bacon* v. *Railroad Co.*, 66 Mich. 173:

"The effect of showing that the communication was made upon a privileged occasion is *prima facie* to rebut the quality or element of malice, and casts upon the plaintiff the necessity of showing malice in fact; that is, that the defendant was actuated by ill will in what he did and said, with a design to causelessly or wantonly injure the plaintiff; and this malice in fact, resting as it must upon the libelous matter itself and the surrounding circumstances tending to prove fact and motive, is a question for the determination of the jury."

If, however, the defendant, at the time he spoke the words, knew what he said was false, and the statement was one calculated to result in the injury of another in his character or property rights, the jury should certainly find malice. Newell, Defam. 207, 322. And if the evidence conclusively established that the defendant in this case, at the time of the statement to Fournier, knew and had in mind the facts as to the stipulation in this lease, and their legal effect, we might be able to say that the plaintiff was entitled to a direction. But the malice in fact must exist at the time the words are spoken, and it follows from this that it would be competent for the defendant to show that he was mistaken as to the facts, or that he had forgotten facts previously known to him.

We do not think that it was competent for the defendant to show that, previously to or contemporaneously with the execution of the lease, there was a parol agreement not to sublet for a saloon. The action is between the parties to the lease, and they are conclusively presumed to have reduced this agreement to writing. 1 Greenl. Ev. § 281, and cases cited in note.

The court was in error in limiting the argument to 10 minutes on a side. Cir. Ct. Rule No. 63.

The judgment will be reversed, and a new trial ordered.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.