SPANNHAKE v. MOUNTAIN CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

1. MECHANICS' LIENS (§ 36*)—RIGHT OF ARCHITECT.

While an architect is not entitled to a mechanic's lien for drawing plans alone, yet when he both draws plans and superintends construction he is entitled to a lien for the value of both plans and superintendence.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 41; Dec. Dig. § 36.*]

2. MECHANICS' LIENS (§ 130*)—PERFECTION—STATEMENT.

Where an architect drew the plans for and superintended the construction of several houses, it is unnecessary for him in perfecting a mechanic's lien to file a separate lien upon each building.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 178–182; Dec. Dig. § 130.*]

Appeal from Appellate Term, First Department.

Action by Otto L. Spannhake against the Mountain Construction Company and the National Surety Company. From a judgment of the Appellate Term (137 N. Y. Supp. 900), modifying and affirming a judgment in his favor, plaintiff appeals. Reversed, and judgment of the lower court affirmed.

See, also, 154 App. Div. 935, 139 N. Y. Supp. 1145.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

L. B. Boudin, of New York City, for appellant.

Abraham P. Wilkes, of New York City, for respondents.

SCOTT, J. The defendant Mountain Construction Company made a contract with plaintiff, an architect, to draw plans for and superintend the construction of certain houses in the city of New York. The plaintiff filed a lien for the value of his services both for drawing plans and for superintendence. This action is to foreclose that lien. The City Court awarded judgment to plaintiff for both classes of service. This judgment was modified by the Appellate Term, by striking out so much of the recovery as represented the value of the plans, allowing plaintiff to recover only for superintendence. In this, as we think, the Appellate Term erred.

[1] The general rule to be deduced from the adjudicated cases is that, while an architect is not entitled to a mechanic's lien for drawing plans alone, yet, when he both draws plans and superintends construction, he is entitled to a lien for the value of both plans and superintendence. In Stryker v. Cassidy, 76 N. Y. 50–53, 32 Am. Rep. 262, the Court of Appeals said:

"An architect who makes the plans and supervises the erection of a building is within the words and reason of the law."

The rule above stated is well illustrated by Rinn v. Electric Power Company, 3 App. Div. 305, 38 N. Y. Supp. 345. In that case the architect had drawn plans for a large building, of which however only one-half had been erected under his superintendence. He was allowed a lien, in addition to his fees for superintendence, for one-half of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the value of the plans which he had prepared for the whole building; the court remarking that an architect cannot have a lien for making plans alone, but, when he makes the plans and supervises the construction, "it is the part that the architect takes during the construction that draws his services within the lien law." In Thompson-Starrett Co. v. Brooklyn Heights Realty Co., 111 App. Div. 358, 98 N. Y. Supp. 128, the plaintiff was denied a lien for preparing plans because no building was erected. In the present case the plaintiff not only drew plans, but superintended the construction, as was found by the City Court, and virtually affirmed by the Appellate Term, which allowed a recovery for the value of his services for supervision.

[2] There is no force in the suggestion that plaintiff should have filed a separate lien on each building. Woolf v. Schaefer, 103 App. Div. 567, 93 N. Y. Supp. 184.

The determination of the Appellate Term must be reversed, and the judgment of the City Court affirmed, with costs to appellant in this court and at the Appellate Term. All concur.

---

BURTNETT v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

1. COMMERCE (§ 8*)—ACTION FOR INJURIES—EMPLOYERS' LIABILITY ACT—APPLICATION OF STATUTE.

Where a brakeman, when he was injured by the alleged sudden jerking of the train, was engaged in interstate commerce, a railroad company's liability for such injuries should be determined under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), and the company can insist that it be so determined.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

2. MASTER AND SERVANT (§ 278*)—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

Evidence, in a freight brakeman's action for personal injuries by being jarred from the top of a freight car, held not to sustain a finding of negligence by the engineer in suddenly and violently jerking the train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

Appeal from Trial Term, New York County.

