CHESNOW *v.* GORELICK.

MECHANICS' LIENS—RIGHT OF ARCHITECT TO LIEN.

An architect who prepares plans and specifications and also superintends the construction of the building is entitled to a mechanic's lien for the value of both services.

Appeal from Wayne; Jayne (Ira W.), J. Submitted February 1, 1929. (Docket No. 135, Calendar No. 34,192.) Decided April 17, 1929.

Bill by Louis J. Chesnow against Louis Gorelick and others to foreclose a mechanic's lien. From a decree for plaintiff, defendants appeal. Affirmed.

*S. Homer Ferguson,* for plaintiff.

*John P. Neudorfer (Stanley J. Borucki,* of counsel), for defendants United States Trust Company of Detroit and Howard C. Wade, trustees.

*Friedman, Meyers & Keys,* for defendants Gorelick and Cass.

McDONALD, J. This bill was filed to foreclose a mechanic's lien for $9,000 on the Savarine hotel building in the city of Detroit, Michigan.

The plaintiff, Louis J. Chesnow, is an architect. He prepared the plans and specifications used in the construction of the hotel building, and also supervised the work under contract with the owner. It is not disputed that all of the statutory requirements pertaining to the perfecting of a lien have been complied with by the plaintiff. The only question in issue is whether a superintending architect has a lien under our statute for the drawing of plans and specifications as well as for supervision. The plaintiff claims a lien for both. The circuit judge held that he was entitled to such a lien, and entered a decree in his favor. The defendants have appealed.

The plaintiff makes no claim that an architect is entitled to a lien under our statute for plans and specifications disconnected with supervision of the building. It is his claim that the architect has a lien for superintendence, and that, where plans and specifications are accompanied by superintendence, he is entitled to a lien for both.

It is the defendants' claim that services of an architect in preparing plans and specifications are not lienable, that his services in superintending the construction are lienable, but that, where the contract is indivisible and for an entire price, as in this

case, the lien for superintendence fails, because it is impossible to separate the lienable services from those not lienable.

The question involved is new in this State. In discussing it we shall assume that under our statute an architect has no lien for the mere drawing of plans and specifications. We shall also assume that he has a lien for superintendence. That question is too well established to admit of argument. The plaintiff's contract for services is indivisible. His compensation for all services is provided for in a lump sum. The compensation for superintendence which is lienable cannot be separated from that for other services which are not lienable. Therefore, under this contract the plaintiff can have no lien for superintendence alone. If he has any lien, it must be for the value of his entire services, and this can only be on the theory that, when there is a concurrence of plans and superintendence, the work of superintendence draws to the building the work of preparing plans, and brings it within the lien statute. On this question there is some conflict in the authorities. There is what may be called the New York rule, which supports the contention of the plaintiff, and the Massachusetts rule, which supports the contention of the defendants.

In *Spannhake, Inc., v. Mountain Construction Co.,* 159 App. Div. 727, 144 N. Y. Supp. 968, the court had under consideration the question whether the plaintiff, an architect, was entitled to a lien for the value of his services both for plans and supervision. It was said:

"The general rule to be deduced from the adjudicated cases is that, while an architect is not entitled to a mechanic's lien for drawing plans alone, yet, when he both draws plans and superintends con-

struction, he is entitled to a lien for the value of both plans and superintendence.''

In arriving at this conclusion, the court followed the theory of *Rinn* v. *Electric Power Co.,* 3 App. Div. 305, 38 N. Y. Supp. 345, wherein it was said:

''It is the part that the architect takes during the construction that draws his services within the lien law.''

In *Hughes* v. *Torgerson,* 96 Ala. 346 (11 South. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105), the court said:

''An architect who prepares the drawings, plans and specifications for a building, and superintends the erection thereof, may as truly be said to perform labor thereon, as any one who takes part in the work of construction. That he is within the protection of the statute, is a proposition well supported by adjudications upon other similar statutes.''

Following this reasoning, the court held that both plans and superintendence were ''properly a part of the building,'' and were lienable under the Alabama statute.

In *Field & Slocum* v. *Consolidated Mineral Water Co.,* 25 R. I. 319 (55 Atl. 757, 105 Am. St. Rep. 895), it was said:

''In a case like the present, when the architect draws the plans and uses them as his tools in the supervision of the work, we think he is entitled to a lien for the labor expended both in the drawing and in the supervision.''

The theory of these cases and others cited by the plaintiff is that the labor of superintendence works the plans into the construction so that they actually become part of the building.

The Massachusetts rule, upon which the defendants rely, is announced in *Libbey* v. *Tidden,* 192 Mass. 175 (78 N. E. 313, 7 Ann. Cas. 617), as follows:

"The general rule under our statute is that where there is an entire contract and there is no lien for one part there can be no lien for any part."

In that case the court does not discuss the so-called New York rule, but it is evident it entertained the view that, as services for preparing plans were not lienable, they could not become so by combining them with services for superintendence, which were lienable. We do not favor such a rule as applied to our statute, which is very general in its language, and gives a lien to:

"Every person   *   *   *   who shall furnish any labor or materials in or for building, altering   *   *   * or ornamenting   *   *   *   any building."

The New York rule is based on the construction of a similar statute, and we think it is supported both by sound reasoning and the great weight of judicial opinion. So that, in determining the rule to be applied in the instant case, we have concluded that, under the broad language of our statute, when an architect prepares plans and uses them in superintending the construction of a building, the labor of superintendence which is lienable draws to the building the work of preparing the plans, and entitles him to a lien for the value of both plans and superintendence.

But the defendants contend that this rule cannot apply to the instant case because the plaintiff's contract with the owner was for part time supervision only, and that he did not in fact superintend the construction. The contract provided:

"The amount of time devoted by the architect with respect to the construction and erection of the foregoing described building to be a matter within the discretion of the architect."

In other words, the plaintiff was required to work his plans into the building and was to use whatever time he considered necessary to accomplish that purpose. The fact that there were other superintendents did not interfere with the work he was required to do under his contract. He was the master superintendent, because with him rested the ultimate decision as to whether the work was being done according to his plans and specifications. He was employed for that purpose. He selected material, directed the execution of the work by laborers and contractors, and in other respects actively participated in the construction of the building. The fact that he did not devote all of his time to the work is of no importance. He devoted sufficient time to satisfy the contract.

The circuit judge correctly held that he was entitled to a lien for the value of his services in preparing the plans and in superintending the construction of the building. The decree is affirmed, with costs to the plaintiff.

FEAD, WIEST, and POTTER, JJ., concurred with McDONALD, J.

CLARK, J. (*concurring*). The majority rule, here accepted, is that a mechanic's lien is allowed for services in superintending the construction of a building. 40 C. J. p. 81.

To assume that an architect is not entitled to mechanic's lien for services in preparing plans and specifications used in the building, and then to hold

that, because he superintends the construction of the building, he may have lien for both, cannot be supported in principle. That he renders a service for which he has a right of lien does not give right of lien for another service not so favored under the law. The majority rule, which we should adopt, is that an architect who prepares plans and specifications actually used in the construction of a building is entitled to a mechanic's lien for the services. It is said in 40 C. J. p. 79:

"In a majority of jurisdictions it is held that an architect who prepares plans and specifications for a building or otherwise performs with respect thereto the ordinary duties of his profession is entitled to a mechanic's lien under the statutes, it being so held both under statutes expressly so providing and statutes conferring a lien for work, labor, or services; but in some jurisdictions the courts, in some cases construing statutes using substantially the same terms, have held that an architect is not entitled to a lien. The majority rule applies where the plans and specifications are used in the construction of a building."

As plaintiff had lien for all of his services, in superintendence and in preparing plans and specifications used, I concur in the result reached by Mr. Justice McDONALD.

NORTH, C. J., and FELLOWS and SHARPE, JJ., concurred with CLARK, J.