### GLIEBERMAN v. FINE.

1. TRUSTS—ORAL TRUST IN LAND PROHIBITED.

Verbal agreement that grantee in conveyance absolute in form should sell land, and, after reimbursing himself for amount advanced to grantor, latter should have interest in balance of proceeds, did not reserve to him any interest in real estate; 3 Comp. Laws 1915, § 11975, prohibiting creation of parol trust in real estate.

2. FRAUDS, STATUTE OF—VERBAL CONTRACT FOR DIVISION OF PROCEEDS OF SALE OF LAND NOT VOID.

Verbal agreement that grantee should sell land conveyed, and, after reimbursing himself for amount advanced to grantor, latter should have interest in balance of proceeds is not void under statute of frauds, but, after sale, grantee would be liable to account to and pay over to grantor his share, if any, of such proceeds.

3. LIBEL AND SLANDER—SLANDER OF TITLE—MALICE IS GIST OF CLAIM.

Before owner of land can recover against bank placing on record mortgage on land given it by one having no interest therein, on theory that owner's title was slandered, both falsity of statement and malice must be proved and established by evidence; malice being gist of claim, it cannot be maintained if bank acted in good faith.

4. SAME—MALICE EXPRESS AND IMPLIED.

Malice as necessary element to slander of title has two significations in law, malice in fact or express malice, and malice in law or implied malice; express malice implying desire or intention to injure, and implied malice meaning wrongful act done intentionally without just cause or excuse, which may be inferred from want of probable cause.

5. EVIDENCE—PRESUMPTION OF KNOWLEDGE OF LITTLE AID WHEN ACTUAL KNOWLEDGE IS INVOLVED.

When question of actual knowledge as matter of fact is concerned, rule of law that one is presumed to know law and that ignorance thereof is no excuse, is of little aid.

---

Record of instrument purporting to effect title as slander of title, see annotation in 9 A. L. R. 931.

6. LIBEL AND SLANDER—SLANDER OF TITLE—MALICE—GOOD FAITH.

Finding by court below that defendant bank, in accepting mortgage on land, might honestly have believed that mortgagor had interest therein, and that it was not guilty of express malice and therefore not liable in damages for slander of title, *held*, justified under facts involved.

Cross-appeal from Wayne; Richter (Theodore J.), J. Submitted June 19, 1929. (Docket No. 127, Calendar No. 34,436.) Decided September 4, 1929.

Bill by Harry Glieberman and another against Louis Fine and Dime Savings Bank to set aside a mortgage and recover damages. Cross-bill by defendant bank for accounting and foreclosure. From decree rendered plaintiffs and defendant bank appeal. Affirmed.

*Beckenstein, Levin & Levin* (*Joseph B. Beckenstein* and *John Sklar,* of counsel), for plaintiffs.

*Campbell, Bulkley & Ledyard* (*Wilson W. Mills* and *Edward C. P. Davis,* of counsel), for defendant bank.

POTTER, J. Plaintiffs filed a bill in equity in the Wayne circuit court against defendants to set aside as void a mortgage on real estate in the city of Detroit given by the defendant Fine to the defendant Dime Savings Bank, declare the Dime Savings Bank had no title to the real estate covered by the mortgage, and recover damages claimed to have been sustained by plaintiffs through the wrongful acts of the defendants. From a decree for plaintiffs they appeal, and defendant Dime Savings Bank claimed a cross-appeal. The trial court found defendant

Fine had no title to the premises covered by the real estate mortgage which he executed to the Dime Savings Bank, and such mortgage was therefore void; the defendant Fine was liable in damages to plaintiffs in the sum of $8,500; the Dime Savings Bank acted reasonably and in perfect good faith in accepting this real estate mortgage, and no malice could be attributed to it.

Plaintiff Harry Glieberman and defendant Louis Fine, prior to the execution of said mortgage, had been associated together, and Fine had an interest in real estate subject to a mortgage to the Dime Savings Bank, defendant. Fine's wife began divorce proceedings against him and he made a property settlement with his wife by which he paid her $8,500 and an attorney fee of $250, or $8,750 in all. To obtain this sum of money, he sold and conveyed by conveyance absolute in form his interest in the real estate in question to plaintiff Harry Glieberman. Fine claims, however, that though this conveyance was absolute in form and he received $8,750 therefor, it was verbally agreed between himself and Glieberman that the property was to be subsequently sold and conveyed by Glieberman; Glieberman was to receive the consideration therefor and after Glieberman received his money advanced to Fine to settle with his wife, Fine was to have an interest in the proceeds from the sale of such real estate. Such conveyance subject to such agreement did not leave Fine any interest in the real estate because the statute prohibits the creation or declaration of parol trusts in real estate. 3 Comp. Laws 1915, § 11975. Fine told the representative of the Dime Savings Bank, according to the testimony of both Fine and the representatives of the bank, that he had deeded the real estate to Glieberman, but he had an interest

therein; that the real estate was to be sold by Glieberman and Glieberman satisfied, and Fine was to share in the proceeds resulting from the sale thereof. If such a contract as Fine claims existed and which he told the bank's representatives existed, then after the sale of the real estate by Glieberman in pursuance of such arrangement, Glieberman would be liable to account to and pay over to Fine, in pursuance of such verbal understanding, Fine's share in the proceeds of the real estate conveyed, if any.

"When real estate in which several persons are interested is conveyed to one or more of them upon a parol agreement that it is to be sold by the grantees and the proceeds divided between the parties in accordance with their respective interests therein, such contract after the sale of the property is valid and enforceable, is not within the statute of frauds, and, if the grantees after sale and receipt of the purchase price refuse to account to any and all persons in interest, they may maintain a bill for an accounting." *Stewart* v. *Young*, 247 Mich. 451.

According to the testimony of defendant Fine, after both he and the representative of the bank knew the situation of the title, Fine executed the mortgage in question to the bank as security for the payment of his individual indebtedness thereto, and the bank put the mortgage on record and refused to discharge it until it was paid the amount of the indebtedness which the mortgage was given to secure, and plaintiffs contend that, by so doing, it became liable herein to the plaintiffs on the general theory that the acts of the defendant Fine and the bank amounted to slander of plaintiff's title. The only question here involved is the liability of the bank. No question is raised but equity having jurisdiction for the purpose of discharging the mortgage, and

thus removing the cloud from Glieberman's title to the real estate, has jurisdiction to grant complete relief. The claimed liability of the defendant bank is based upon the theory that its assertion of a claim against the real estate was in the nature of a false and malicious statement made in disparagement of Glieberman's title thereto. Both falsity of statement and malice are necessary elements which must be proved and established by the evidence before plaintiff is entitled to recover against the bank. *Harrison* v. *Howe,* 109 Mich. 476; 37 C. J. p. 131. In fact, malice is the gist of the claim, which cannot be maintained if the bank's claim under the mortgage was asserted in good faith upon probable cause or was prompted by a reasonable belief that Fine had rights in the real estate in question which he might mortgage, or convey to it by way of security for his indebtedness thereto. 37 C. J. p. 131. The word "malice" has at least two significations in the law—malice in fact and malice in law (*Bacon* v. *Railroad Co.,* 66 Mich. 166)—express malice and implied malice (*Austin* v. *Hyden,* 119 Mich. 615). Express malice implies a desire or intention to injure. *Bacon* v. *Railroad Co., supra.* Malice in law, or implied malice, means a wrongful act done intentionally without just cause or excuse (*Bell* v. *Fernald,* 71 Mich. 267; *Long* v. *Tribune Printing Co.,* 107 Mich. 207; *Zimmerman* v. *Whiteley,* 134 Mich. 39), and the jury may infer it as a deduction from want of probable cause (*Carson* v. *Edgeworth,* 43 Mich. 241; *Hamilton* v. *Smith,* 39 Mich. 222).

"Whenever a man claims a right or title in himself, in possession or in remainder, it is not enough for the plaintiff to prove that he had no such right; he must also give evidence of express malice." *Harrison* v. *Howe,* 109 Mich. 476; Newell on Defamation,

Slander`and Libel (1st Ed.), 206; 13 Am. & Eng. Enc. Law (1st Ed.), 368.

The bank's representatives, and therefore the bank, is presumed to know the law, because that ignorance of the law shall not excuse is a necessary rule of civil conduct, but such presumption is of little aid when the question of actual knowledge as a matter of fact is concerned. *People* v. *Rix,* 6. Mich. 144; *Black* v. *Ward,* 27 Mich. 191. The trial court, after hearing the evidence, held the defendant bank might have honestly believed Fine had an interest in the property when it took the real estate mortgage as security for Fine's indebtedness to it, and there was no proof the bank was actuated in what it did by express malice.

Under the facts here involved, we are not inclined to reverse its finding. The decree of the trial court will be affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.