PILETTE INDUSTRIES, INC., *v.* ALEXANDER

1. Process—Abuse of Process—Elements.
   The two elements which a party must show in order to prove an abuse of process as a matter of law are an ulterior purpose and that defendant performed an act which is improper in the regular conduct or prosecution of a proceeding.

2. Process—Abuse of Process—Intention.
   The manner of *use* of the process, not the intention, is what is evaluated in an action for abuse of process; therefore a regular use of process with bad intention is not a malicious abuse of that process.

3. Process—Abuse of Process—Garnishment—Judgment.
   Garnishment before judgment is a legitimate and frequently-used procedure to assure a party that debts disputably due him are preserved, and the fact that it is later shown by disclosure of the garnishee that no debts are due does not automatically mean that there has been an abuse of process.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 April 8, 1969, at Detroit. (Docket No. 5,173.) Decided April 23, 1969.

Complaint by Pilette Industries, Inc., a Michigan corporation, against Campbell W. Alexander for abuse of process. Verdict for plaintiff; judgment for defendant notwithstanding the verdict. Plaintiff appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 1 Am Jur 2d, Abuse of Process § 1 *et seq.*

*Sol J. Schwartz,* for plaintiff.

*Johnson, Campbell & Moesta,* for defendant.

BEFORE: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

FITZGERALD, J.   Plaintiff-appellant is a corporation which once held several insurance policies with its insurer, defendant-appellee.   The parties disagreed during the spring of 1962, and after the defendant renewed 14 policies from July to August, 1962, plaintiff refused payment, stating here that it did not ask for the policies.   Defendant turned to the common pleas court of the city of Detroit for assistance on October 17, 1962, beginning action and also garnishing debts, stating in an affidavit that he believed they were due plaintiff from 4 other companies.   Plaintiff then cancelled the policies on October 26, 1962, by requesting the defendant to do so, and posted a bond which effectively removed the garnishments, plaintiff owing $150 to defendant for protection already afforded it under the policies. Plaintiff later sued the defendant in the Wayne county circuit court claiming the use of the garnishments constituted an abuse of process as it was revealed on disclosure that these companies owed nothing to plaintiff.   The jury awarded plaintiff $2,500 less the $150 due defendant.   The court granted defendant's motion for a judgment notwithstanding the verdict (GCR 1963, 515.2) on the grounds that plaintiff failed as a matter of law to make a case of abuse of process.   Plaintiff appeals.

Two elements are necessary to prove an abuse of process as a matter of law. *Spear* v. *Pendill* (1911), 164 Mich 620.   First, an ulterior purpose must be shown.   Second, defendant must perform

an act which is improper in the regular conduct or prosecution of a proceeding. This might take the form of wrongly coercing the opposite party to do something he otherwise would not do. The proper issuance of process may become tainted by its subsequent use, but a regular use of process with bad intention is not a malicious abuse of that process. *Spear* v. *Pendill, supra.* The manner of *use* of the process, not the intention, is what is evaluated. Plaintiff must also show convincingly that it was damaged by the alleged abuse.

Garnishment before judgment is a legitimate and frequently-used procedure to assure a party that debts disputably due him are preserved, secured, and available to satisfy a judgment being sought. When he believes that the garnishee defendant is indebted to the principal defendant, he may initiate such a garnishment to protect his interests (*Hughes* v. *White* [1967], 5 Mich App 666), providing that he is justly apprehensive of the loss of these amounts if he does not proceed at this time. *Tsingos* v. *Michigan Packing Co.* (1935), 272 Mich 7; GCR 1963, 738.2. The fact that it is later shown by disclosure of the garnishee that no debts are due, or that the theory of law advanced by the garnisher bore no legal fruits, does not then automatically subject him to an action for abuse of process, especially where his honesty in so proceeding is not questioned.

Plaintiff's allegation that the defendant had sufficient security in the policies does not mean that the defendant had a duty at law to reach them first, nor that the protection of garnishment was not properly available at law. It is noted that the policies were effectively cancelled by plaintiff only a week after the action was begun. The situation is not at all as onerous as that in *Tsingos* v. *Michigan Packing Co., supra.*

In the present case, the use of the process was legitimate and there was an absence of evidence of coercion.  The jury clearly erred as a matter of law in its verdict for the plaintiff and the court was correct in observing and correcting that error after considering all available evidence in a light most favorable to the plaintiff.  *Lepley* v. *Bryant* (1953), 336 Mich 224.

Affirmed.  Costs to appellees.

All concurred.