McKAY MACHINE COMPANY *v.*
BOSWAY TUBE AND STEEL CORPORATION

Process — Abuse of Process — Elements — Intention — Garnishment.

> The essential elements to establish an action for abuse of
> process are, (a) the existence of an ulterior purpose and (b)
> an act in the use of the process not proper in the regular
> prosecution of the proceedings; the regular use of process
> with bad intentions is not a malicious abuse of that process;
> therefore, summary judgment dismissing defendant's counter-
> claim seeking damages for abuse of process by issuance of
> writs of garnishment was correctly granted, as a garnishment
> was proper prior to judgment on plaintiff's action on a con-
> tract, the trial court found that the affidavits for the writs
> were sufficient, and defendant did not appeal from this finding
> (MCLA § 600.4011[1], GCR 1963, 738).

Appeal from Wayne, Blair Moody, Jr., J. Sub-
mitted Division 1 April 14, 1970, at Detroit. (Docket
No. 7,037.) Decided June 1, 1970.

Complaint by McKay Machine Company against
Bosway Tube and Steel Corporation on a promis-
sory note with writs of garnishment. Defendant
counterclaimed seeking damages for abuse of process
for issuance of the writs of garnishment. Summary
judgment dismissing counterclaim granted. Defend-
ant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE

1 Am Jur 2d, Abuse of Process §§ 4–7, 10, 12.

*Cross, Wrock, Miller & Vieson (W. Robert Chandler,* of counsel), for plaintiff.

*Hill, Lewis, Adams, Goodrich & Tait (Timothy D. Wittlinger,* of counsel), for defendant.

Before: Quinn, P. J., and T. M. Burns and O'Hara,[*] JJ.

Per Curiam. Defendant appeals from the summary judgments of dismissal of its counterclaim and supplemental counterclaim against plaintiff.

October 10, 1968, plaintiff filed its complaint against defendant to recover the amount of the latter's promissory note to the former, and summons issued. At the same time, three writs of garnishment issued and were served. These writs were quashed October 23, 1968 on defendant's motion, because the affidavits on which the writs were based were held to be fatally defective due to an insufficient statement of facts to support plaintiff's claim of just apprehension of loss.

October 23, 1968, plaintiff filed new affidavits, and new writs of garnishment issued to the same garnishee defendants named in the first writs. Again defendant moved to quash, and this motion was denied December 13, 1968.

December 5, 1968, defendant filed its counterclaim seeking damages against plaintiff for abuse of process on the basis of the issuance of the first writs of garnishment. By judgment of February 13, 1969, the trial court dismissed this counterclaim on plaintiff's motion. By stipulation, a supplemental counterclaim for damages, based on the same theory

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

but on the issuance of the second writs of garnishment, was filed. Again, on plaintiff's motion on March 3, 1969, judgment entered dismissing the supplemental counterclaim.

Garnishment was proper prior to judgment in this contract action. MCLA § 600.4011(1) (Stat Ann 1962 Rev § 27A.4011[1]), GCR 1963, 738. The trial court found that the affidavits for the second writs were sufficient, and defendant has not appealed this finding. The March 3, 1969 judgment dismissing defendant's supplemental counterclaim is affirmed.

The essential elements to establish an action for abuse of process are, (a) the existence of an ulterior purpose and (b) an act in the use of the process not proper in the regular prosecution of the proceeding. *Spear* v. *Pendill* (1911), 164 Mich 620; *Pilette Industries, Inc.,* v. *Alexander* (1969), 17 Mich App 226. It is defendant's contention that the purpose element must be judged from the state of mind of the garnisher, and that this is a jury question, hence summary judgment was improper.

Defendant's position in this regard is not supported by the authorities it cites, and it is contrary to *Pilette, supra,* at page 228:

"The proper issuance of process may become tainted by its subsequent use, but a regular use of process with bad intentions is not a malicious abuse of that process. *Spear* v. *Pendill, supra.* The manner of use of the process, not the intention, is what is evaluated."

Affirmed with costs to plaintiff.