SULLIVAN v THE THOMAS ORGANIZATION, P.C.

Docket No. 77-2707. Submitted December 12, 1978, at Lansing.—
Decided January 16, 1979.

The Thomas Organization, P.C., an architectural firm, and Mich-
ael Thomas and Jack Rosenzweig recorded a mechanic's lien
against a parcel of land owned by Thomas A. Sullivan and Noel
A. Gage in connection with the rendering of plans for a
building which was to have been built on the land. Thomas and
Rosenzweig had contracted to buy the land subject to approval
by the City of Birmingham of the architectural plans within a
certain time. The plans were neither approved nor disapproved,
and a dispute arose over the terms of the contract of sale.
Ultimately, Thomas and Rosenzweig sued Sullivan and Gage
for the return of their earnest money deposit, and recorded the
lien against the property. Sullivan and Gage then brought an
action against Thomas, Rosenzweig, and The Thomas Organiza-
tion for disparagement of title, alleging that the filing of the
lien was malicious and rendered their title unmarketable. The
Oakland Circuit Court, Richard D. Kuhn, J., consolidated the
earnest money action with the disparagement of title action,
and granted the defendants' motion for summary judgment in
the disparagement of title action. Plaintiffs Sullivan and Gage
appeal. *Held:*

1. A claim for disparagement of title must include allegations
of malice, publication of false matter disparaging the plaintiffs'
title, and special damages. Because the plaintiffs alleged that
the defendants breached the sales contract, it may be inferred
that the defendants' interest in the property was thereby
extinguished, and therefore that the lien was invalid because
there was no interest upon which it could attach; therefore, the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 15.
[2, 5] 50 Am Jur 2d, Libel and Slander §§ 539, 542.
[3] 53 Am Jur 2d, Mechanics' Liens §§ 124, 125.
[4] 5 Am Jur 2d, Architects § 21.
[6] 65 Am Jur 2d, Quieting Title §§ 9, 93.
[7] 50 Am Jur 2d, Libel and Slander §§ 406, 415, 539, 542.
[8] 1 Am Jur 2d, Actions § 158.

plaintiffs did allege falsehood on the part of the defendants. Plaintiffs' request for removal of the cloud on their title and for costs and attorney fees is a sufficient allegation of special damages. Malice may be inferred from the circumstantial evidence of the defendants' inconsistent positions.

2. Consolidation was improper, because the overlap in proofs in the two actions would be only incidental, not substantial and controlling, and because possible jury confusion over the issue of malice could prejudice the plaintiff.

Reversed and remanded.

1. Motions — Summary Judgment — Failure to State Claim — Court Rules.

A motion for summary judgment based upon the opposing party's failure to state a claim upon which relief may be granted is to be tested by the pleadings alone, taking as true the factual allegations of the complaint and any inferences or conclusions which may fairly be drawn from the facts alleged; the motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. Property — Real Property — Disparagement of Title — Pleading.

A plaintiff must allege that the defendant maliciously published false matter disparaging the plaintiff's title, causing the plaintiff special damages, in order to state a claim upon which relief may be granted for disparagement of title.

3. Mechanics' Liens — Vendee's Interest — Statutes.

A person contracting with a proposed purchaser of real estate may acquire a mechanic's lien in the interest held by the proposed purchaser (MCL 570.29; MSA 26.309).

4. Mechanics' Liens — Architects — Contract with Vendee — Interest in Property.

An architect may not acquire a mechanic's lien for the drawing of plans which are not followed by construction, where the architect contracted with the vendee of a real estate contract who subsequently repudiated the real estate contract, because where the vendee defaults on the contract his interest in the property, and the architect's right to a lien on that interest, are extinguished.

5. Property — Real Property — Mechanics' Liens — Disparagement of Title — False Matter — Invalid Lien.

A plaintiff has pled the publication of false matter, in an action for disparagement of title, by alleging that the defendant

recorded an invalid mechanic's lien against real estate owned by the plaintiff.

6. ACTION — PROPERTY — REAL PROPERTY — DISPARAGEMENT OF TITLE — SPECIAL DAMAGES.

A plaintiff's request for removal of a cloud on his title, as well as costs and attorney's fees, is a sufficient allegation of special damages in an action for disparagement of title.

7. MECHANICS' LIENS — DISPARAGEMENT OF TITLE — MALICE — INVALID LIEN.

Malice may not be inferred simply from the filing of an invalid mechanic's lien, but it may be inferred from the circumstantial evidence where the party who recorded the mechanic's lien denied having an interest in the real estate but caused the lien to be placed upon an alleged interest.

8. TRIAL — CONSOLIDATION OF ACTIONS — COMMON QUESTIONS — COURT RULES.

The test of whether actions should be consolidated is whether the actions involve a substantial and controlling common question of law· or fact; consolidation is improper where the overlap of proofs in two actions is incidental rather than substantial and controlling and where consolidation may prejudice a party because of possible jury confusion (GCR 1963, 505.1).

*Bushnell, Gage & Reizen* (by *William A. Roy),* for plaintiffs.

*Bayer, Gornbein & Kaplan, P.C.,* for defendants.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

R. B. BURNS, P.J. In this disparagement of title action, defendants moved for summary judgment under GCR 1963, 117.2(1) and GCR 1963, 117.2(3). The trial court entered an order granting summary judgment for the reasons set forth in defendants' brief, without indicating under which subrule it was granting the motion. Defendants' brief confused the analysis under the two subrules by relying upon deposition testimony in arguing that plaintiffs had failed to state a cause of action. See, *e.g., Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972). It

therefore appears that the trial court erred by using an incorrect analysis in deciding the motion. We have undertaken an independent review under each subrule, see *Partrich v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978), and, having determined summary judgment was not proper under either subrule, find the error was not harmless, and reverse. Additionally, we find the trial court improperly consolidated for trial the instant case with another case.

In the consolidated case, Oakland County Circuit Court case 75-128-782-CZ, defendants Thomas and Rosenzweig sued plaintiffs for the return of an earnest money deposit on realty which Thomas and Rosenzweig were to buy from plaintiffs, contingent upon approval by the City of Birmingham of architectural plans submitted by Thomas and Rosenzweig. That case concerns a dispute as to the interpretation of a contract which provided the deposit would be returned if the city declined issuance of the permits within a certain time, where the city neither issued nor declined to issue the permits, but instead requested further information.

The thrust of plaintiffs' complaint in the instant case is that defendants maliciously retaliated against plaintiffs for their failure to return the deposit by knowingly filing an invalid mechanic's lien against the property, with the intent and effect of rendering plaintiffs' title unmarketable. Plaintiffs' allegations are more fully set forth in the footnote.[1]

---

[1] "NOW COME Plaintiffs, by and through their attorneys, GAGE & REIZEN, and for their cause of action against Defendants herein state as follows:

"1. Plaintiffs are residents of the County of Oakland, State of Michigan.

"2. That Defendant, THE THOMAS ORGANIZATION, P.C., is a Professional Corporation organized for the purpose of providing architectural services.

"3. That the individual Defendants, MICHAEL THOMAS and JACK ROSENZWEIG, are residents of the County of Oakland and State of Michigan.

"4. That on September 2, 1975, the Defendants caused to be recorded a Statement of Account and Lien in the Oakland County Register of Deeds, seeking to obtain lien rights on property owned by your Plaintiffs, the legal description of which is attached to this Complaint as Exhibit A and incorporated by reference herein. (A copy of Statement of Account and Lien is attached hereto as Exhibit B and incorporated by reference herein.)

"5. That the Statement of Lien, on its face, states that Defendant, THE THOMAS ORGANIZATION, P.C., contracted with the individual Defendants, who purported to be proposed purchasers of the land in question, to provide architectural services in connection therewith.

"6. That Defendant, THE THOMAS ORGANIZATION, P.C., is merely the alter ego of individual Defendants, MICHAEL THOMAS and JACK ROSENZWEIG, and any contract entered into between said individual Defendants and Defendant, THE THOMAS ORGANIZATION, P.C., is void and a nullity as to your Plaintiffs, and further constitutes an abuse of the privilege of doing business as a corporation pursuant to the Michigan Statutes.

"7. That the Statement of Account and Lien, on its face, is invalid for the reason that MCLA 570.1 affords no lien rights for persons contracting with "proposed purchasers" of real property in question.

"8. That the filing of the Statement of Account and Lien, as aforesaid, constitutes a fraudulent and malicious attempt on the part of the Defendants herein to slander the title of your Plaintiffs' real property for the following reasons:

"A. That the Defendants did, in fact, contract with Plaintiffs to purchase the subject property on June 4, 1975, (a copy of the Agreement of Purchase is attached hereto as Exhibit C and incorporated by reference herein.)

"B. That the Contract for Sale, as aforesaid, provided that said sale would be null and void if the City of Birmingham refused to issue occupancy permits within fifteen days.

"C. That although the City of Birmingham did not refuse to issue such occupancy permits, the Defendants, on June 19, 1975, anticipatorilly [sic] breached said contract of sale and demanded return of their deposit.

"D. That Plaintiff retained said deposit as liquidated damages pursuant to the contract.

"E. That Defendants knew or should have known that the attempt to file such a Mechanic's Lien was a nullity, but that it would have the effect of rendering your Plaintiffs' title to the lands in question unmarketable.

"F. That the filing of said Statement of Account and Lien, as aforesaid, was a willful and malicious attempt on the part of the Defendant to retaliate [sic] for the actions of your Plaintiff in declaring a forfeiture of their earnest money deposit.

"9. That due to your Defendants' wrongful actions, the title to your Plaintiffs' real property has been rendered unmarketable, to their great damage and detriment.

"The standard governing this Court's review of a grant or denial of a motion for summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den,* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co, [supra]."* *Partrich v Muscat, supra,* at 729-730; 270 NW2d at 509.

In order to state a claim upon which relief may be granted for disparagement of title, plaintiffs must have alleged that defendants maliciously published false matter disparaging plaintiffs' title, causing plaintiffs special damages. See *Glieberman v Fine,* 248 Mich 8; 226 NW 669 (1929), *Harrison v Howe,* 109 Mich 476; 67 NW 527 (1896), *Chesebro v Powers,* 78 Mich 472; 44 NW 290 (1889), *Haney Manufacturing Co v Perkins,* 78 Mich 1; 43 NW

---

"WHEREFORE, your Plaintiffs pray for the following relief:

"A. An Order directing Defendants to immediately execute and record a discharge of the above mentioned Statement of Account and Lien, or in the alternative, an Order of this Court discharging said Statement of Account and Lien from the County records.

"B. Damages in an amount to fairly and reasonably compensate your Plaintiffs for the unmarketability of their title to the lands in question during the period that they have been rendered unmarketable by your Defendants' wrongful actions.

"C. Punitive damages in an amount of at least three times the amount of the compensatory damages prayed in Paragraph B, above, for the Defendants' malicious and fraudulent attempt to slander your Plaintiffs' title.

"D. Interest, costs and attorney fees so wrongfully sustained.

"E. Any and all other and further relief that the Court shall deem just and equitable."

1073 (1889), *Gehrke v Janowitz,* 55 Mich App 643; 223 NW2d 107 (1974), Prosser, Torts (4th ed), § 128, pp 919-920, 50 Am Jur 2d, Libel and Slander, § 541, p 1060.

Defendants initially argue that plaintiffs have failed to allege falsehood, because plaintiffs have not alleged that anything contained in the Statement of Account and Lien was inaccurate. However, the filing of an invalid lien may be a falsehood, even if the matter contained in the lien is correct. *Cf. Glieberman v Fine, supra.*

Defendants also argue that the lien is valid, because, contrary to the allegation in paragraph seven of plaintiffs' complaint, the mechanic's lien act does allow persons contracting with proposed purchasers to acquire a lien.

MCL 570.1; MSA 26.281 provides in relevant part that:

"Every person who shall, in pursuance of any contract * * * existing between himself as contractor, and the owner, part owner or lessee of any interest in real estate * * * prepare and furnish pursuant to such contract to such owner, part owner or lessee * * * any * * * design * * * plan * * * for the improvement of any lot or parcel of land not exceeding one-quarter section of land * * * shall have a lien therefor upon such [improvement] * * * , and also upon the entire interest of such owner, part owner or lessee in and to the lot or piece of land * * * to the extent of the right, title and interest of such owner, part owner or lessee at the time work was commenced * * * ."

As defendants correctly observe,

"the words 'owner, part owner or lessee' shall be construed to include all the interest, either legal or equitable, which such person may have in the real estate upon which the improvements contemplated by

this act are made, including the interest held by any person under contracts of purchase, whether in writing or otherwise." MCL 570.29; MSA 26.309.

Thus, the legal theory of invalidity which plaintiffs have pled in their complaint is incorrect. However, it does not necessarily follow, as defendants suggest, that plaintiffs have failed to allege falsehood.

A complaint is supposed to set forth the facts upon which the pleader relies in stating his cause of action. GCR 1963, 111.1(1). We view plaintiffs' statement of law in paragraph seven as extraneous, and therefore ignore it in evaluating the facts alleged in the remainder of the complaint. *Binder v Consumers Power Co,* 77 Mich App 343, 346-347; 258 NW2d 221, 223-224 (1977). From those facts, we may infer that the lien was invalid.

We infer from the facts alleged in plaintiffs' complaint that the architectural plans were not implemented. It is unclear whether an architect may ever acquire a mechanics' lien under MCL 570.1; MSA 26.281 for the drawing of plans, where no construction follows. See Anno: *Architect's Services as Within Mechanic's Lien Statute,* 28 ALR3d 1014, § 10, pp 1042-1043. The Supreme Court has assumed that an architect may not. *Chesnow v Gorelick,* 246 Mich 571; 225 NW 4 (1929). However, it is clear that an architect may not acquire such a lien for plans not implemented, where he contracted with the vendee of a real estate contract who subsequently repudiated the contract.

MCL 570.1; MSA 26.281 contemplates that the lien will attach to the improvement, or to the "entire interest of [the] owner, part owner or lessee". Where the plans are not implemented, there is no improvement upon which the lien may attach. The "entire interest of [the] owner, part

owner or lessee" may include an equitable interest, MCL 570.29; MSA 26.309, but where the vendee defaults on the contract, the vendee's interest, and the architect's right to a lien on that interest, are extinguished. *Eastern Construction Co v Cole*, 52 Mich App 346, 351-352; 217 NW2d 108, 110-111 (1974). The architect's only remedy is a limited right of subrogation. MCL 570.3; MSA 26.283. Since plaintiffs allege that defendants Thomas and Rosenzweig anticipatorily breached the contract, we may infer defendants' interest was extinguished. Since there was no interest or improvement upon which the lien might have attached, we infer the lien was invalid. Plaintiffs have pled falsehood.

Defendants also assert that plaintiffs have failed to allege "special" damages, because mere unmarketability of title without the actual loss of a sale is not a compensable injury. See 50 Am Jur 2d, Libel and Slander, § 546, pp 1065-1066, Prosser, Torts (4th ed), § 128, p 920. However, in *Chesebro v Powers, supra,* the Supreme Court held that reasonable expenses incurred by the plaintiff in removing the cloud from his title were recoverable as damages in a disparagement of title action. Plaintiffs in this case request as relief that the cloud on their title be removed, as well as costs and attorney fees. This is a sufficient allegation of "special" damages.

"A motion for summary judgment which is based on GCR 1963, 117.2(3) is designed to test whether there is factual support for a claim. *Crowther v Ross Chemical & Manufacturing, supra.*

"When passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. *Rizzo v Kretschmer,* 389 Mich 363; 207

NW2d 316 (1973). Before the judgment may properly be granted the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Rizzo v Kretschmer, supra.* The motion has the limited function of determining whether material issues of fact exist. The trial court must carefully avoid making findings of fact under the guise of determining that no issues of material fact exist." *Partrich v Muscat, supra* at 730-731; 270 NW2d at 510.

Defendants argue that there is no evidence of express malice. Malice may not be inferred simply from the filing of an invalid lien; plaintiffs must show that defendants knowingly filed an invalid lien with the intent to cause plaintiffs injury. *Glieberman v Fine, supra, Harrison v Howe, supra.* There is circumstantial evidence from which a jury could find express malice. Thomas and Rosenzweig appear to have adopted an inconsistent position in causing the lien to be filed by The Thomas Organization, Inc. On the one hand, they denied the existence of a contract for sale, and hence denied that they had an interest in the property. On the other hand, they caused a lien to be filed upon the interest which they denied having. Ill will may be inferred from the circumstance of plaintiffs' retention of the deposit.

Plaintiffs argue that the trial court improperly consolidated for trial the instant action with the action involving plaintiffs' retention of the earnest money deposit. The trial court granted defendants' motion to consolidate because the cases arose out of the same set of facts. The correct test is whether the actions involve "a substantial and controlling common question of law or fact". GCR 1963, 505.1. The overlap of proofs in the two actions would be incidental, not substantial and controlling. Additionally, consolidation could prej-

udice plaintiffs' action in the instant case due to possible jury confusion concerning the malice element, should defendants herein prevail in the other action by demonstrating plaintiffs wrongfully retained the deposit.

We do not reach the remaining issue presented by plaintiffs, concerning discovery, because it appears that there was pending before the trial court a motion for rehearing on its order on this issue at the time summary judgment was granted.

Reversed and remanded. Costs to plaintiff.